FILED

04/13/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 5, 2017

## STATE OF TENNESSEE v. CHARLES MACKLIN

**Appeal from the Criminal Court for Shelby County**
**Nos. 08-00832, 08-06106    James C. Beasley, Jr., Judge**

_____

### No. W2016-01711-CCA-R3-CD

_____

The defendant, Charles Macklin, appeals the trial court's dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 for failure to assert a colorable claim. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Charles Macklin, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Karen Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The defendant was indicted and pled guilty to one count of attempted first degree murder and one count of especially aggravated robbery and was sentenced to concurrent terms of eighteen years. Thereafter, the defendant filed a petition for post-conviction relief, alleging ineffective assistance of counsel and that his guilty pleas were involuntarily and unknowingly entered. Charles Macklin v. State, No. W2010-01768-CCA-R3-PC, 2011 WL 2420876, at *1 (Tenn. Crim. App. June 15, 2011), perm. app. denied (Tenn. Sept. 21, 2011). The petition was denied, and this court affirmed the

denial on appeal. The Tennessee Supreme Court denied his application for permission to appeal.

On July 12, 2016, the defendant filed a motion to correct illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, alleging that his sentence was illegal because the trial court failed to place findings on the record regarding enhancement and mitigating factors. The trial court summarily dismissed the motion for failure to state a colorable claim, and the defendant appealed.

## ANALYSIS

The defendant asserts that his sentence is illegal because the trial court imposed a sentence that was longer than the statutory minimum without making findings on the record as to enhancement and mitigating factors and thus contravening the requirements of the sentencing act. He claims that he should have been sentenced as an especially mitigated offender.

Tennessee Rule of Criminal Procedure 36.1 provides, in part, that a defendant may "seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). An illegal sentence is defined by Rule 36.1 as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. A defendant is entitled to a hearing and the appointment of counsel if he or she states a colorable claim for relief. Tenn. R. Crim. P. 36.1(b). The Tennessee Supreme Court has stated that a colorable claim pursuant to Rule 36.1 is a "claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." State v. Wooden, 478 S.W.3d 585, 593 (Tenn. 2015).

In Cantrell v. Easterling, 346 S.W.3d 445, 449-52 (Tenn. 2011), our supreme court explained that there are three general categories of sentencing errors, consisting of clerical, appealable, and fatal errors. Later, in State v. Brown, 479 S.W.3d 200, 208 (Tenn. 2015), our supreme court noted that "[c]laims of appealable error generally involve attacks on the correctness of the methodology the trial court used to impose sentence." Cited in Brown to further explain this point was the opinion of this court in State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014), where we concluded that:

> [T]he Defendant's initial assertions concerning the methodology used by the trial court in imposing sentence did not set forth a colorable claim cognizable under Rule 36.1. Rule 36.1 provides an avenue for pursuing the correction of *illegal* sentences, defined by the Rule as a sentence "not

-2-

authorized by the applicable statutes" or a sentence "that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). See also Cantrell, 346 S.W.3d at 452-53 (setting forth the definition, and examples, of illegal sentences). Thus, the Rule is directed at the sentence finally imposed, not the methodology by which it is imposed.

The applicable sentencing range for a standard offender convicted of a Class A felony is fifteen to twenty-five years. Tenn. Code Ann. § 40-35-112(a)(1). The defendant was sentenced within that range; thus, his sentences were specifically authorized by statute and were not illegal. The defendant's complaints regarding the trial court's failure to place findings on the record regarding enhancement and mitigating factors and not sentencing him as an especially mitigated offender fall squarely in the category of appealable error. See Wooden, 478 S.W.3d at 595-96. As such, the defendant should have raised any complaints about the trial court's sentencing methodology in a direct appeal. The defendant's motion failed to present a colorable claim for relief and was properly dismissed without a hearing.

## CONCLUSION

Based on the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE